UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARCUS THURMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05-cv-142 |
| ) | *Edgar/Lee* |
| HOBBS, QUIN, PERRY, RODRIQUEZ ) | |
| STEPHENS, CORLEW, GRIFFIN, and ) | |
| CORRECTION CORPORATION OF ) | |
| AMERICA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action filed pursuant to 42 U.S.C. § 1983 by Marcus Thurman ("Thurman") [Court File No. 3]. In his complaint, Thurman asserts that, he has been unconstitutionally confined in segregation and subjected to living conditions in the segregated confinement unit, which he alleges are cruel and inhuman. Among other things, Thurman claims he is being denied phone calls, outside recreation, medical care, his right to counsel, and TV. For the following reasons, however, service shall not issue and the complaint will be dismissed without prejudice.

*I.*   *Application to Proceed In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Thurman that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Thurman is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Thurman is an inmate or prisoner in custody at Correctional Corporation of America, Silverdale ("CCA-Silverdale), in Chattanooga, Tennessee, he will be **ASSESSED** the civil filing fee of $250.00

1

under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Thurman shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Thurman's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

      (a)      twenty percent (20%) of the average monthly deposits to Thurman's inmate trust account; <u>or</u>

      (b)      twenty percent (20%) of the average monthly balance in Thurman's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Thurman's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden of CCA-Silverdale, the Custodian of Inmate Trust Fund Accounts at CCA-Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Thurman's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Thurman's file and follow the inmate if he is

2

Case 1:05-cv-00142   Document 6   Filed 07/25/05   Page 2 of 4   PageID #: 2

transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

## II. *Administrative Remedies*

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Hartsfield v. Vidor*, 199 F.3d 305, 308-309 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance procedure, a prisoner must still exhaust his institutional remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (6th

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

Cir. May 11, 2000) (table decision), *available in* 2000 WL 659260 *1(citing *Brown*, 139 F.3d at 1104)). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

In this case, Thurman makes many allegations involving the conditions and treatment to which he is subjected while being confined in Silverdale. Thurman avers he has filed grievances but nothing has happened [Court File No. 3, ¶ II.A-C(2)]. Thurman did not specify the topic of the grievances nor has he attached a copy of any grievances. Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, supra, for a "mixed" complaint. *Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision) *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104).

Thus, because Thurman has failed to bear his burden of showing exhaustion as to each of his constitutional claims, a separate judgment will enter **DISMISSING** this action **WITHOUT PREJUDICE** for failure to exhaust administrative remedies*.*

ENTER this *25th day of July, 2005*.

>            */s/ R. Allan Edgar*
> R. ALLAN EDGAR
> CHIEF UNITED STATES DISTRICT JUDGE